Nathan G. Kanute, Esq.
Nevada Bar No. 12413
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: nkanute@swlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WB MUSIC CORP.; FLYTE TYME TUNES; MEEENGYA MUSIC; and MICK DOG MUSIC, <br><br> Plaintiffs, <br><br> vs. <br><br> HOFFDEL LLC, D/B/A TIME-OUT SPORTS BAR & GRILL; JOSEPH DELEFAVE; and FREDERICK HOFFMAN, <br><br> Defendants. | Case No. 2:18-cv-00267-RFB-CWH <br><br> **STIPULATION FOR ENTRY OF FINAL JUDGMENT** <br><br> **AND** <br><br> **FINAL JUDGMENT** |

Plaintiffs WB Music Corp., Flyte Tyme Tunes, Meeengya Music, and Mick Dog Music (collectively, "Plaintiffs"), by and through their attorneys, and Defendants Hoffdel LLC, d/b/a Time-Out Sports Bar & Grill, Joseph Delefave, and Frederick Hoffman (collectively, the "Defendants"), pursuant to their Confidential Settlement Agreement dated as of July 1, 2018 (the "Settlement Agreement"), hereby stipulate and agree as follows:

1. On February 13, 2018, Plaintiffs filed their Complaint against Defendants alleging three counts of copyright infringement arising out of the Defendants' alleged unauthorized public performances at the Time-Out Sports Bar & Grill ("Time-Out") of copyrighted music owned by Plaintiffs.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

4826-9600-3691

3. Defendants have entered into the Settlement Agreement to settle all outstanding claims and disputes relating to this litigation filed by Plaintiffs.

4. Defendants obligations under this Stipulation for Entry of Final Judgment (the "Stipulation") arise from the above mentioned Settlement Agreement, which expressly provides for this Stipulation and entry of a Final Judgment.

5. Based upon the Agreement and this Stipulation, this Stipulation arises out of the facts and circumstances set out in the Complaint filed in this matter.

6. Defendants hereby agree that final judgment may be entered immediately against them, jointly and severally, in the amount of $24,000.00.

7. Plaintiffs hereby agree that they will not execute on the final judgment against Defendants provided that the Defendants are not in default under the Settlement Agreement. Plaintiffs further agree that the final judgment shall be deemed satisfied by Defendants' timely compliance with the Settlement Agreement. Upon Defendants' full compliance with the terms of the Settlement Agreement, Plaintiffs will file a satisfaction of the Final Judgment.

8. This Stipulation and the Final Judgment shall bind and benefit the heirs, executors, administrators, successors, assigns, parents, affiliates, members and subsidiaries of Plaintiffs and Defendants.

9. Defendants hereby agree to be enjoined and restrained permanently from publicly performing any or all of Plaintiffs' copyrighted musical compositions and from causing or permitting Plaintiffs' copyrighted musical compositions to be publicly performed, and from aiding and abetting public performances of such compositions, unless Defendants shall have previously obtained permission to give such performances, either directly from the Plaintiffs or by license from the American Society of Composers, Authors and Publishers ("ASCAP").

10. Contemporaneously with the execution of this Stipulation, ASCAP shall offer, and Defendants shall accept and execute, an ASCAP license agreement for Time-Out commencing July 1, 2018.

11. Defendants shall not willfully dissipate or encumber their assets in order to impair ASCAP's ability to collect the amounts due under this Stipulation or the Final Judgment. In the

4826-9600-3691

event that any of the Defendants files a petition in bankruptcy, any sum then due pursuant under this Stipulation and the Final Judgment shall constitute a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(6).

12. Defendants further agree that by entry into the Settlement Agreement and this Stipulation, they have waived all rights to challenge the entry of the Final Judgment or to appeal the Final Judgment.

13. Plaintiffs and Defendants have agreed to the terms of this Stipulation and the Final Judgment following consultation, or after having the opportunity for consultation, with legal counsel.

14. Each party shall bear its own costs.

[Signatures on Following Page.]

4826-9600-3691

Snell
&
Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway,
Suite 1100
Las Vegas, Nevada
89139
702-784-5200

Dated: ~~June~~ __, 2018
July 11, 2018

SNELL & WILMER L.L.P.

By: /s/ Nathan G. Kanute
    Nathan G. Kanute (NV Bar No. 12413)
    50 West Liberty Street, Suite 510
    Reno, Nevada 89501-1961
    *Attorneys for Plaintiffs*

HOFFDEL LLC, D/B/A TIME-OUT SPORTS BAR & GRILL

By: _Member_
Name: _Joseph Delefave_
Title: _Owner/manager_

_____
JOSEPH DELEFAVE

_____
FREDERICK HOFFMAN

4

4826-9600-3691

# FINAL JUDGMENT

The Court having in reviewed the *Stipulation for Entry of Final Judgment* (the "Stipulation") agreed to and executed by Plaintiffs WB Music Corp., Flyte Time Tunes, Meeengya Music, and Mick Dog Music (collectively, "Plaintiffs"), by and through their attorneys, and Defendants Hoffdel LLC, d/b/a Time-Out Sports Bar & Grill, Joseph Delefave, and Frederick Hoffman (collectively, the "Defendants"); the parties having agreed to entry of this Final Judgment; the Court having jurisdiction over this matter; and good cause appearing therefor;

**IT IS HEREBY ORDERED** that:

1. The Stipulation is approved in full and incorporated into this Final Judgment;

2. Judgment is hereby entered against Defendants, jointly and severally, in the amount of $24,000.00, plus post-judgment interest at the rate of 2.69% per annum;

3. Plaintiffs shall not enforce or execute on this Final Judgment provided Defendants are in compliance with the terms of the Settlement Agreement, as defined above, but may exercise all rights and remedies available under this Final Judgment upon Defendants' default under the Settlement Agreement;

4. Defendants are enjoined and restrained permanently from publicly performing any or all of Plaintiffs' copyrighted musical compositions and from causing or permitting Plaintiffs' copyrighted musical compositions to be publicly performed, and from aiding and abetting public performances of such compositions, unless Defendants shall have previously obtained permission to give such performances, either directly from the Plaintiffs or by license from the American Society of Composers, Authors and Publishers ("ASCAP");

5. Contemporaneously with the entry of this Final Judgment, ASCAP shall offer, and Defendants shall accept and execute, an ASCAP license agreement for Time-Out commencing July 1, 2018;

6. Once this Final Judgment is satisfied, Plaintiffs shall file a Satisfaction of Judgment with the Court;

4826-9600-3691

7. Defendants shall not willfully dissipate or encumber their assets in order to impair ASCAP's ability to collect the amounts due under this Stipulation or the Final Judgment. In the event that any of the Defendants files a petition in bankruptcy, any sum then due pursuant under this Stipulation and the Final Judgment shall constitute a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(6);

8. Defendants have waived all rights to challenge the entry of this Final Judgment and to appeal the Final Judgment;

9. Each party shall bear its own costs through the date of this Final Judgment; and

10. In the event Plaintiffs are entitled to executed on or enforce this Final Judgment, Plaintiffs shall be entitled to recover their reasonable attorneys' fees incurred in connection with any efforts to collect.

DATED this 3rd day of October, 2018

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

4826-9600-3691